IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01719-PAB

ESTATE OF GIANCARLO E. CALDERON,
by and through Luis Calderon and Concepcion Villa, Personal Representatives,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,
ACTION CARE AMBULANCE, INC., and
THE CHILDREN'S HOSPITAL,

    Defendants

_____

**ORDER DISMISSING CASE**
_____

The Court takes up this matter *sua sponte* on the Complaint filed by plaintiff on July 20, 2009.  *See* Compl. and Demand for Jury Trial [Docket No. 1] ("Compl."). The Complaint has a section entitled "Jurisdiction and Venue."  *See* Compl. ¶ 1. However, the text of that section fails to assert a statutory basis for this Court's jurisdiction over this matter. When the Complaint as a whole is examined, it also fails to evince a permissible basis for this Court's jurisdiction.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318

F.3d 1231, 1235 (10th Cir. 2003).  It is well settled that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005), and the case must be dismissed, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

### A.  Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2006). "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law."  *Vaden v. Discover Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted); *see also Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) ("For a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint, and Plaintiff's cause of action must be created by federal law or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action." (citing *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808, 811-12 (1986).

In the present case, although the Civil Cover Sheet indicates that 42 U.S.C. § 1983 and "Other Civil Rights" are implicated in this case, the Complaint itself makes no mention of a federal statutory or constitutional right which is implicated in plaintiff's cause of action. Instead, it pleads the decidedly state-law claims of negligence and wrongful death.[1]

### B.  Diversity Jurisdiction

An examination of the Complaint also shows that there is no subject-matter jurisdiction based on diversity of citizenship. Section 1332(a) requires "complete diversity," that is, no plaintiff can be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). The citizenship of the parties must be established with specificity. *See Rice*, 260 F.3d at 1245 ("We examine the face of the complaint to determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction. The party asserting jurisdiction must allege facts essential to show jurisdiction. Thus, the complaint must allege that the plaintiff and defendant are citizens of different states and that the amount in controversy is greater than $75,000." (internal citation and quotation marks omitted)).

According to the Complaint, the Estate of Giancarlo E. Calderon will be probated in Colorado, the decedent resided in Colorado, and the decedent's parents, who reportedly "will be appointed as personal representatives," reside in Colorado. As a

---

[1] Curiously, not only does the Complaint fail to assert federal claims, it also contains a state court caption that references the district court for Denver County, Colorado.

result, from the allegations presented, all that can be assumed is that the Complaint is asserting that plaintiff is a citizen of Colorado.[2]  *See* 28 U.S.C. § 1332(c)(2) (2006) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .").

According to the Complaint, defendants include a Colorado municipal corporation, a Colorado corporation, and a Colorado non-profit corporation.  Therefore, at least one defendant is a citizen of Colorado.  *See* 28 U.S.C. § 1332(c)(1) (2006) (noting that for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[I]t is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States." (quoting *Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972)).

Therefore, complete diversity does not exist because one or more of the plaintiffs and one or more of the defendants are citizens of the same state, Colorado.  As a result, 28 U.S.C. § 1332(a) does not provide the Court with subject-matter jurisdiction over the action.  Because the face of the Complaint evinces no other basis for this

---

[2] The Complaint does not contain sufficient information for the Court to determine with certainty the citizenship on the plaintiff's side of this case.  Therefore, the Complaint is deficient either for failing to meet its burden in averring sufficient jurisdictional facts or because the facts averred demonstrate a lack of diversity.  *Cf. United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.,* 55 F.3d 1491, 1495 (10th Cir. 1995) (stating that "[t]he party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction," yet holding that even if proper allegations regarding citizenship rather than residence were assumed, diversity was lacking and dismissal was appropriate (internal quotation marks omitted)).

Court's subject-matter jurisdiction over this case, the case cannot proceed in this Court and must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868))). Accordingly, it is

**ORDERED** that this case is dismissed without prejudice due to this Court's lack of subject-matter jurisdiction.

DATED July 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge